CARPENTER *v.* GRAY *et al.*[*]

(Division A.  April 14, 1924.  Suggestion of Error Overruled April 28, 1924.)

[99 So. 561.  No. 23822.]

REPLEVIN. *Depreciation in value of property for which forthcoming bond given does not deprive defendant of right to return property and satisfy judgment.*

The mere depreciation in value of property for which a forthcoming bond has been given in an action of replevin not caused by injury to the property while in the possession of the defendant after the execution of the bond does not deprive him of the right to return the property and thereby satisfy a judgment rendered against him for the return of the property or its value.

*Headnote 1.  Replevin, 34 Cyc, p. 1576.

APPEAL from chancery court of Lamar county.
HON. T. P. DALE, Chancellor.

Suit by W. L. Carpenter against H. W. Gray and others. From a decree dismissing the bill, plaintiff appeals. Reversed, and decree rendered.

*D. E. & C. W. Sullivan,* for appellant.

The chancellor's finding in this case was contrary to the evidence and the law. The chancellor also erred in the trial of this case in excluding evidence offered by the appellant as shown in the record, and to which action exceptions were taken.

The case of *Hazlett* v. *Witherspoon et al.,* 25 So. 150, was relied upon by appellee in the court below. We submit that this case does not apply. In the Hazlett case the machinery after it was bonded, was badly damaged by fire, and the building in which the machinery was kept completely destroyed. The defendant in that suit who had bonded the machinery, and in whose possession it was, when so damaged by fire, offered to return it in satisfaction of the alternative judgment, but the court held that he could not do this. The court said that the liability of the sureties could not be discharged by a tender of property practically worthless for that is not the property which they bound themselves to have forthcoming, or in default to pay its value.

In the Hazlett case the writ of replevin was levied upon the machinery in good sound condition, and the defendant undertook to satisfy the judgment, not by returning machinery in good sound condition, but by returning machinery which had been practically ruined by fire. In the case at bar, the evidence conclusively shows that when the secondhand Ford Runabout was levied upon, under the writ of replevin, it had the body on it which Mr. Carpenter had put there, and which was a better body than the old one, and the car was in fair running order, and, as was said by one witness; "could go up the hills in high at six or eight miles an hour." This was when it was levied upon, under the writ of replevin.

This is the car that Carpenter and the sureties bound themselves to return to Mr. Gray; the car with this new body on it. This is the car that Mr. Carpenter stored in a barn as soon as it was levied on, and kept it there without wear and tear upon it, except such as resulted by the flow of time. And this is the car which he offered to return in satisfaction of the judgment. And this is the car for which the plaintiff recovered damages in the sum of twenty-six dollars, and which damages cover whatever depreciation resulted to the car while it was stored in the barn and while the lawsuit was pending, whether this depreciation is in mere market value or whether it results from the flow of time. We submit therefore, that the decree of the chancellor was wrong in every particular in this case, and that he should have decreed in favor of the appellant. The decree should be reversed and decree rendered here for appellant.

*Tally & Mayson* and *H. C. Holden,* for appellee.

The value of the car had been fixed at three hundred fifty dollars by the appellee Gray when he filed his affidavit in replevin. The appellant Carpenter bonded the property and executed a forthcoming bond in the sum of seven hundred dollars. That conclusively fixed the value of the property at the time of the levy and seizure or taking at three hundred fifty dollars, and the defendant in replevin is estopped to show a different value to that exhibited in the bond. *Furst* v. *Pease,* 97 Miss. 468, 52 So. 257; *Capitol Lumbering Company* v. *Learned,* 78 Am. St. Rep. 792, 36 Or. 544; *Washington Ice Company* v. *Webster,* 125 U. S. 426, 31 L. Ed. 799.

The measure of damage is the value of the property at the time of the taking. *Whitfield* v. *Whitfield,* 40 Miss. 352; *Jamison* v. *Moon,* 43 Miss. 602; *Whitfield* v. *Whitfield,* 44 Miss. 488, 7 Am. Rep. 699; *Chicago, etc., R. R. Company* v. *Scurr,* 59 Miss. 463, 42 Am. Rep. 373. The judgment of the circuit court also fixed the value of the

property as of the time of the taking at three hundred fifty dollars.   The judgment is conclusive as to the liability and the amount.   23 Cyc. 293.

The property was turned in, in a worthless condition. This is conclusively shown by the amount it realized at the execution sale.   The property must be delivered in the same condition as when taken.   Its value and condition is fixed by what it sold for at the time of the sheriff's execution sale.   *Hazlett* v. *Witherspoon,* 25 So. 150.

The parties are estopped by a judgment to allege or show a value different from that stated in the bond. *Lumber Company* v. *Learned,* 78 Am. St. Rep. 792.

The appellant Carpenter had put himself in a condition where he could not restore the property as it was when taken.   He had taken off the hood.   He had taken off the body and placed on it a racing body.   This, of course, amounted to a conversion.   38 Cyc., pages 2025. 2026, 2082, 2086.   One who converts a chattel is not allowed to return it without the owner's consent.   *Bolling* v. *Kirby,* 24 Am. St. Rep. 799, and note especially page 811.   The appellant and the appellee both testified that the automobile market was in a falling condition from the fall of 1920, when appellee's car was taken, until April, 1922, when it was proposed to re-deliver to him the remnants of the car that had been taken from him.

If property depreciates in value by lapse of time or falling market, the principal and sureties on the replevin bond are liable.   2 Sutherland on Damages, sec. 503; *Washington Ice Company* v. *Webster,* 16 Am. Rep. 462. The same rule is laid down in a note to:   30 L. R. A. (N. S.) 367, and especially at page 371.

The party proposing to return property must return it substantially in the same condition and without deterioration in value as of the time it was taken.   *Fair* v. *Citizens State Bank,* 105 Am. St. Rep. 168; *Maguire* v. *Pan American Amusement Co.* (Mass.), 91 N. E. 135; *Hallidie-Machinery Co.* v. *Whidbey Island Sand, etc.,*

*Co.* (Wash.), 131 Pac. 1156, 45 L. R. A. (U. S.) 40, and note 23 R. C. L., par. 68, page 907.

For the rule in this state see *Hazlett* v. *Witherspoon,* 25 So. 150. In the case just cited, as in the instant case, the party entitled to the restoration of the property refused to receive the worthless property and had it sold as the property of the parties who had given the forthcoming bond. Not only did the court not hold that the principal in the bond could not do that, but that the sureties, whose obligation is *strictissimi juris,* could not do so.

In a recent case in a controversy over an automobile the sureties on the forthcoming bond sought to limit their liability by a restoration of the property. The property was sold and the amount applied to the judgment. The sureties contended that that absolved them from any further obligation, but the court said "no" it was to their benefit that the property was restored, sold and the proceeds applied to the judgment, but that the obligee in the bond could recover judgment over against them. *Flanagan* v. *King-Peeples Auto Co.,* 94 So. 841. Suggestion of error overruled March, 1922, 95 So. 521.

*D. E. & C. W. Sullivan,* for appellant, in reply.

This record shows conclusively that this identical body that Mr. Gray objected to, was on this car when he had it levied on under the writ of replevin. Therefore, when the car was offered back to him by Carpenter, it was offered to him in the same condition it was in when he had it levied on under the writ of replevin on January 17, 1921. And, as we have already stated, the only issue made by the pleadings is whether or not it was tendered back in the same condition it was in when levied upon. There was no dispute about this fact. There was no controverted evidence for the chancellor to pass upon on this point.

Now, if appellee should be allowed to go behind the issue fixed by the pleadings, and go back to the time

when Carpenter bought the car under the execution sale, then we say that the car, when offered back to Mr. Gray by Mr. Carpenter, was in far better condition then, than it was when Carpenter bought it in Hattiesburg at the execution sale. The proof conclusively shows this to be true. The car would not even run until Mr. Carpenter spent some money in fixing it up, and the old body which Carpenter took off and substituted by a new one, was entirely worn out.

Carpenter therefore tendered back to Gray a much better car and in a much better condition than it was when Carpenter bought it at the execution sale, as the property of Gray. So, we say that it does not matter whether Gray was limited to the condition the car was in when levied upon, under the writ of replevin on the 17th of January, 1921, or the condition it was in when bought by Carpenter at the execution sale in December, 1920. In the first instance if he is entitled to go back to the purchase of the car by Carpenter in December, 1920, he was offered a better car than the one sold under the execution in December, 1920, and in the second instance he was offered the same car that was levied upon under the writ of replevin of January 17, 1921. The judgment of the circuit court in the replevin suit conformed strictly to section 4233 of the Code of 1906, in the chapter on replevin. The judgment was in the alternative and gave the defendant Carpenter the right to restore the car and pay the damages assessed, and the cost of the suit, and free himself and his sureties from liability for the money value of the judgment, three hundred and fifty dollars.

The judgment of the circuit court in the replevin suit fixed the damages that Gray was entitled to recover against Carpenter for the time the car was withheld by Carpenter from Gray, and this sum was fixed at twenty-six dollars, and Gray could not refuse to accept the car, and did not refuse to accept the car on account of any depreciation in value to the car by the flow of time be-

cause his damages fixed in the judgment were tendered him and covered that identical damage.

Appellee contends in his brief that if property depreciates in value by the lapse of time and falling market, the principal and sureties on the replevin bond are liable, and cites 2 Sutherland on Damages, section 503, and other authorities. Our answer to that is that Gray did recover his damages for this purpose against appellant and his sureties in the circuit court in the replevin suit, and the amount is fixed in the judgment at twenty-six dollars. Appellee cannot now insist that he did not recover damages enough. He is bound by the judgment of the circuit court fixing these damages and all that is required of appellant is to pay these damages and the cost of the suit and return the car to appellee.

SMITH, J., delivered the opinion of the court.

This is an appeal from a decree dissolving an injunction restraining the appellee Williamson, sheriff of Lamar county, from selling certain land owned by the appellee Carpenter, under an execution issued on a judgment in an action of replevin.

Carpenter purchased an automobile at a sale under an execution issued on a judgment against Gray. The automobile, which seems then to have been considerably worse for wear, was remodeled by Carpenter. Gray then sued out a writ of replevin in the circuit court of Lamar county to recover possession of the automobile, and when it was seized by the sheriff under the writ Carpenter executed a forthcoming bond therefor conditioned in accordance with section 4223, Code of 1906 (Hemingway's Code, section 3052). When the cause came on for trial a judgment was rendered against Carpenter and his sureties directing them to return the automobile to Gray, or pay him three hundred fifty dollars, the value thereof, and that they also pay to Gray twenty-six dollars "in-

terest as damages on said property from the time it was taken by said defendant to date.'' The automobile, together with twenty-six dollars was tendered by Carpenter to Gray, who refused to accept either on the ground that the automobile had been damaged while in Carpenter's possession. The automobile was then delivered by Carpenter to the sheriff, who sold it, at the request of Gray, at public auction, obtaining therefor the sum of twenty dollars. The sheriff then levied on certain land owned by Carpenter under an execution issue on the alternative judgment for the value of the automobile, whereupon Carpenter brought this suit for an injunction restraining the sale under execution. On final hearing the temporary injunction which had been issued was dissolved, and the bill was dismissed.

The appellant admits that the automobile is not in the same condition it was when it came into his possession, but it is manifest from the evidence that the changes therein were made prior to its seizure under the writ of replevin and the execution under the forthcoming bond, that when the bond therefor was given it was stored and not thereafter used by Carpenter, and that when tendered to the appellee after the rendition of the judgment in the action of replevin it was in practically the same condition that it was when the bond therefor was executed. This being true, the appellant complied with the judgment when he tendered the automobile to the appellee.

There was evidence to the effect that automobiles had declined in price during the time the one here in question was in the appellant's possession. It may be that depreciation in value of property for which a forthcoming bond has been given in an action of replevin may be an element of damage covered by the bond, as to which we express no opinion, but mere depreciation in value not caused by injury to the property subsequent to the execution of the bond resulting in damage thereto does not destroy the right of the defendant in an action of re-

plevin to return the property and thus satisfy the alternative judgment against him.

The decree of the court below will be reversed, and a decree will be rendered here making the injunction perpetual.

*Reversed, and decree here.*